11819.   HINES, director-general, *v.* VANN.

1. " When a carrier fails to deliver the goods intrusted to his care, or delivers them in a damaged condition, no excuse avails him, unless it was occasioned by the act of God, the public enemy, an inherent vice or natural deterioration of the object carried, or, in case of live stock, the viciousness of the animals, or that he is excused by special contract made with the shipper, by statute, or by negligence of the shipper." *Louisville & Nashville R. Co.* v. *Warfield,* 129 *Ga.* 473 (2), 477 (59 S. E. 234); *Ga. R. Co.* v. *Spears,* 66 *Ga.* 485(1), 489 (42 Am. R. 81); *Cooper* v. *Raleigh & Gaston R. Co.,* 110 *Ga.* 659(2, 3), 661 (36 S. E. 240); Civil Code (1910), §§ 2712, 2713.

2. The trial judge, in the exercise of his discretion, approved the finding of the jury; and since the evidence does not absolutely demand a finding for the defendant, this court is unauthorized to set the verdict aside.

DECIDED APRIL 14, 1921.

Action for damages; from city court of Thomasville — Judge W. H. Hammond.   July 19, 1920.

*Bennet & Branch, Merrill & Moore,* for plaintiff in error.

*B. B. Earle,* contra.

JENKINS, P. J.   This is a suit for the value of a cow, which died while in the hands of the defendant carrier. In support of its special plea, the carrier sought to overcome the presumption of liability against it by showing, from circumstantial evidence, that the cow must have died on account of injuries inflicted by another animal belonging to the plaintiff and shipped in the same car. In our opinion the evidence thus adduced, while strong, did not

absolutely demand such a conclusion. Although the conductor of the train testified that " some of the animals in the car were fighting," he " did not notice which one was the aggressor or the victim." There was evidence that the cow " had an ugly gash in the back of her flank, of the sort that *could have been made* by another animal's horn." One witness also testified that the cow died, " he is satisfied, from the injury in her flank;" but this witness was not an expert, and testified only by way of opinion, after refreshing his recollection from records made at the time of the occurrence, about a year previous; neither this witness nor any other witness gives any sort of evidence as to the depth, nature, or character of this wound. Besides, there was evidence from defendant's witnesses that the knees of the cow, " both front and back," were " skinned and bruised, and one of her hips skinned;" which tended to disprove the carrier's evidence to the effect that there were no unusual jerks or jars or anything in the handling of the train which could have caused the injury, and to support the theory of the plaintiff that negligence in this respect contributed to the death of the animal. Furthermore, while the defendant sought to remove the presumption against it by showing the absence of unusual and unnecessary jolts and jars in the handling of its car, no evidence was adduced for the purpose of showing diligence in loading and unloading the animal, in furnishing a proper car and equipment, and in the attention given it while in the hands of the defendant carrier.

*Judgment affirmed. Stephens and Hill, JJ., concur.*