*Jones, Park & Johnslon,* for defendant.

---

13296.   DAVIS, agent, etc., *v.* HAYES.

There being some evidence in support of the judgment complained of in the petition for certiorari, and only general grounds being insisted upon, this court is powerless to reverse the action of the superior court overruling the certiorari.

DECIDED DECEMBER 20, 1922.

Certiorari; from Fulton superior court — Judge Pendleton. December 22, 1921.

*Tye, Peeples & Tye,* for plaintiff in error.

*Watkins, Russell & Asbill,* contra.

BELL, J. Hayes sued the director-general in the municipal court of Atlanta for damages resulting from the negligence of the defendant in the transportation of certain mules under a contract of carriage, alleging that on account of such negligence one of the mules suffered injuries from which it died. Plaintiff ·recovered judgment for the sum of $385. The director-general carried the case to the superior court by a petition for the writ of certiorari, and excepts in this court to the action of the superior court in overruling the same. The sole question is whether there was any evidence to support the judgment. It is contended by the plaintiff in error that the undisputed evidence demands a finding that the mule in question received its injuries by reason of the viciousness of the other animals composing the shipment, and hence that the defendant was in no sense liable.

"When a carrier fails to deliver the goods entrusted to his care or delivers them in a damaged condition, no excuse avails him, unless it was occasioned by the act of God, the public enemy, or

inherent vice or natural deterioration of the object carried, or in case of live stock, the viciousness of the animals, or that he is excused by special contract made with the shipper, by statute, or by negligence of the shipper." *Hines* v. *Vann*, 26 *Ga. App.* 704 (106 S. E. 921). The evidence tends to show that the mule, the value of which was sued for, upon being unloaded, walked a short distance from the car, and there became helpless, and some hours thereafter died. A veterinarian testified: " From my examination of the mule I would say that it was a very acute condition, one of a short duration, and time of injury before I cut her open would be approximately some few hours,— around six or eight hours, something like that." He further testified: " In my opinion the cause of this injury to this mule was evidently some sudden motion of the mule, or a sudden jar, or some extreme excitement. The mule gave a lunge or was banged against the car suddenly, to cause this shock. That is my opinion." Also: " That mule could have sustained the injury by being mashed between another mule and the side of the car. If another mule had lunged against this mule and pushed it against the side of the car that would have caused this injury." Jesse Stanley, as a witness for the plaintiff, gave evidence as follows: " I was present when the shipment was unloaded, right there, and counted them out of the car. I noticed the condition of the mules. I noticed one that was injured (describing) ; this mule was standing in the door, she was supposed to be about the second or third mule out. We forced her out and she was trembling and seemed like she was sore, so we got her out of .the car and got her about a hundred yards up in the alley and left her there. We left her because she could go no further. . . I saw this mule as she stood in the door. She was standing there and all the others pushed by her. She was supposed to be the first or second mule. All the other mules pushed by her." It was not shown what period elapsed from the unloading until the first examination by the veterinarian, nor from his examination until the autopsy, but all occurred during the same day.

While we think the evidence preponderates in favor of the conclusion that the mule was injured by other mules running out past her and thrusting her against the car at the time of unloading, yet we can not say that this conclusion is demanded by the evidence. The witness Jesse Stanley must have discovered the fact of the

mule's injured condition after this occurrence, but it is not conclusive that the condition of injury was the result of such occurrence. The fact that this mule, " supposed to be about the second or third mule out," was standing in the door and continued in this position without attempting to run out with the others might authorize the inference that it had been previously injured. Although it appears that the mule was near to the doorway and in position to come out among the first, it remained inactive. We can not hold as a matter of law that the evidence shows that it was injured by the other mules in making their exit, rather than that its injured condition caused it to lag and to permit the others to run out ahead.

There was some evidence, therefore, to authorize the inference that it was injured in transit and to raise a presumption of negligence against the defendant. There was an agreement between the attorneys that the witnesses in charge of the train which brought the shipment would testify to certain facts which would exclude the possibility of negligence on the part of the defendant, and that this agreement might be given the force of evidence to that effect. This agreement, however, did not include an admission that the defendant was not negligent in fact; it was agreed only that certain witnesses for the defendant would testify thus and so.

If the inference is legitimate that the mule was injured before delivery by the carrier to the consignee, and that the injury was the reason that the mule was passive and allowed the other mules to run by it and push it against the car, then proof of the facts which authorized such inference tended to rebut the evidence of the defendant, to the effect that the defendant was without negligence in any respect in the transportation. *Hines* v. *Vann,* supra. Hence, such proof by the defendant did not as a matter of law overcome the presumption which was authorized by the circumstances to be drawn against it; and although the evidence must be conceded to be slight, it can not be adjudged that there was no evidence to support the judgment.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*